UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TERESA BECHARD,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>AIU INSURANCE COMPANY,<br>WALMART CLAIMS SERVICES, INC.,<br><br>　　　　　Defendants. | 4:25-CV-04005-CCT<br><br>ORDER AFTER IN CAMERA REVIEW |

### INTRODUCTION

Previously, this court entered an order granting in part and denying in part plaintiff's motion to compel. See Docket No. 26. In that order, this court directed defendants to provide this court with certain withheld and redacted documents for *in camera* review. Defendants have now done so and this court has concluded its review of those documents.

### DESCRIPTION OF *IN CAMERA* REVIEW

**Withheld Documents**

The court has reviewed a PDF provided by defendants to the court for *in camera* review that contains 424 pages of documents entirely withheld from production to plaintiff. Many of the pages of this document are duplicated

such that the actual number of pages of original material is closer to 200 pages.

The great majority of these documents are attorney-client privileged, consisting of attorney billing statements with detailed descriptions of matters conducted by the attorney, or actual emails exchanged between defendants and their counsel in the workers compensation matter before the South Dakota Department of Labor (DOL) and in this lawsuit. Defendants need not produce these documents because they are privileged.

Additionally, many of the pleadings and discovery from the South Dakota Department of Labor (DOL) proceeding (including the petition, the answer, the amended answer, letters from plaintiff's counsel to defendants' counsel) are contained within this PDF. These are not privileged or work product. However, defendants need not produce these because they are already in plaintiff's possession: the DOL documents were either drafted by plaintiff's counsel or served on plaintiff's counsel by defendants. Withholding these DOL documents was simply unnecessary, unsupported, and sowed unwarranted seeds of suspicion. It would have been better to simply produce them in the first place. Or, as Rule 34 allows, give plaintiff a description of the documents and allow plaintiff to come and inspect them at defendants' offices if she wanted to.

The one exception is a seven-page document entitled "WC Quarterly Case Management Report" dated December 11, 2023. This document is produced twice within the PDF, first at pages 146-53 and a duplicate is found at pages

368-75. Defendants are ordered to produce this document to plaintiff. It does not appear to be attorney-client privileged, attorney work product, nor is the court aware that plaintiff already has this document. Defendants may redact the block as to attorney's fees and costs found on pages 146/368. The court orders that no other portion of this document be redacted.

**Redacted Documents**

Defendants also provided the court with two 393-page PDFs, one containing redacted documents previously produced to plaintiff and another identical PDF without the redactions. The court has compared the two sets of documents. As with the PDF containing withheld documents, there were many duplications in these PDFs so that the total number of original documents was much smaller than 393 pages.

On pages 13-14 there is a Claim Note Manager Review Document dated August 6, 2024. A portion of this document is appropriately redacted on page 13. The redaction on page 14 (BATES marked WM_BECHARD_0000869) is not appropriate except for one sentence. The first sentence in the third bullet point that begins with "According to the DA . . ." may be redacted, but the rest of this redaction should be unredacted and provided to plaintiff beginning with the second sentence in the third bullet point "I recommend . . ."

On page 33 (BATES marked WM_BECHARD_0000897), the redaction is not supported by attorney-client privilege or work product doctrine. This page should be provided to plaintiff in unredacted form.

3

Paradoxically, some of the same documents which were in the "withheld" PDF are duplicated, but redacted, in the redacted documents. For example, many of the pleadings, discovery requests and discovery responses from the DOL proceeding are located in the redacted documents in redacted form. Although the documents are neither privileged nor work product, the court does not order defendants to produce these because the documents either emanated from plaintiff or were served on plaintiff in the DOL matter. Redacting these documents created unnecessary issues in this bad faith litigation.

Dr. Ripperda's 16-page IME report is redacted and should not be. There is nothing privileged about this report. However, the court presumes this report was received by plaintiff during the DOL proceedings. If plaintiff already has the report, defendants need not produce it. If plaintiff does not have the report, then defendants must produce it now. These are BATES marked WM_BECHARD_0005372-87.

The redacted PDF also contains communications between attorneys and client and attorneys' billing statements with detailed time entries. All of these are clearly privileged materials.

The same December 11, 2023, WC Quarterly Case Management Report referenced above is located in both the withheld documents PDF and the redacted/unredacted PDFs. Because the court ordered this seven-page report produced out of the withheld documents, it is also ordered to be produced as unredacted out of the redacted PDF. These are documents BATES marked

4

WM_BECHARD_0004239-46. Again, the box on the first page pertaining to legal fees ( page #4239) may be redacted, but the rest of the document should not be redacted.

The pages BATES stamped WM_BECHARD_0004373-80 should be produced in unredacted form. This multi-page document was created by a non-lawyer and was printed on November 14, 2024. It is neither privileged nor work product.

### Excel Spreadsheets

Defendants also provided this court with redacted and unredacted versions of two Excel spreadsheets. The first Excel spreadsheet, BATES marked WM_BECHARD_0004013 is redacted appropriately. The second Excel spreadsheet, BATES marked WM_BECHARD_0004011, is also redacted appropriately. Defendants need not amend either of these spreadsheets.

### Waiver

The court viewed nothing in any of the documents examined *in camera* that would constitute an implied waiver of the attorney-client privilege by defendants.

### CONCLUSION

Based on its *in camera* review, the court

ORDERS defendants to immediately produce to plaintiff the very few specifically-identified documents discussed above. Those documents are:

(1) WM_BECHARD_0000869 (with one sentence redacted from the third bullet point about what the DA said);

    (2)    WM_BECHARD_0000897;

    (3)    Dr. Ripperda's report, WM_BECHARD_0005372-87 (if it is not already in plaintiff's possession);

    (4)    the WC Quarterly Report, WM_BECHARD_0004239-46 (with the box on the first page pertaining to legal fees redacted); and

    (5)    WM_BECHARD_0004373-80.

The court further

ORDERS that defendants need not produce any further documents from the cache of documents produced to the court *in camera* other than those specifically identified in this opinion. The court further

CONCLUDES that defendants have not impliedly waived the attorney-client privilege as evidenced by any of the documents reviewed.

All original PDFs provided to this court for *in camera* review will be maintained by this court in a secure fashion in the event a subsequent reviewing court determines to view them for itself.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good cause is obtained. FED. R. CIV. P. 6(b)(1), 72(a). Failure to file timely objections will result in the waiver of the right to appeal this ruling. United States v. Becerra, 73 F.4th 966, 972-73 (8th Cir. 2023). Objections must be specific in

order to require review by the district court. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990).

DATED this 11th day of September, 2025.

BY THE COURT:

*[signature: Veronica L. Duffy]*

VERONICA L. DUFFY

United States Magistrate Judge